MERRITT *v.* THE STATE. CLARK *v.* THE STATE.

Argued April 17,—Decided May 10, 1905.

Accusations of gaming. Before Judge Hammond. City court of Griffin. March 1, 1905.

1. Every court has power to amend its records so as to make them conform to the truth.
2. When a criminal case is tried in a city court by the judge without a jury, and a judgment of guilty rendered and announced, but not entered on the minutes, an order may be passed at a subsequent term, after notice to the accused, requiring the clerk to enter upon the minutes the judgment as actually rendered and announced.

Argued April 17, — Decided May 10, 1905.

Accusations of gaming. Before Judge Hammond. City court of Griffin. March 1, 1905.

*W. E. H. Searcy Jr.,* for plaintiffs in error.
*T. E. Patterson, solicitor,* contra.

COBB, J. Merritt and two others were tried at a special term of the city court of Griffin, upon an accusation charging them with the offense of gaming. Trial by jury was waived, and the judge, after hearing evidence, orally announced a judgment declaring the accused guilty. The judge signed a paper which contained

only the formal parts of the usual judgment entered in such cases, the place at which "guilty" or "not guilty" would be inserted being left blank. The clerk entered this paper upon the minutes in this incomplete condition. At the next regular term counsel for the State filed a written motion to correct the minutes so as to complete the judgment and thus enter upon the minutes the judgment as announced by the court. Upon this motion a rule nisi was issued and due service had upon the accused. An answer was filed by each of the accused, in which it was set up that the court was without jurisdiction to amend the records as prayed. At the hearing an order was passed that the word "guilty" be entered in the judgment on the minutes, the order reciting that it appeared that the judgment in the case "was by a clerical error not entered as announced by the court on the trial." To this order each of the accused excepted.

This was not a proceeding having for its purpose the amendment of a judgment, but was a proceeding to amend the records of the court so as to enter thereon a judgment which had been actually rendered but which had not been recorded. The purpose of the minutes is to preserve the judgments and proceedings of the court; and if a judgment has been actually rendered, it is not only the right but the duty of the judge, during the term, without notice to any one, to see that the minutes represent the proceedings of the court just as they transpired. And after the term has adjourned he has authority, after notice to parties interested, to make such order as may be necessary to make the record conform to the truth. Civil Code, §§ 4047, par. 6, 5119; *Wallace* v. *Cason*, 42 *Ga.* 435; *Armstrong* v. *Lewis*, 61 *Ga.* 680; *Shipp* v. *Davis*, 69 *Ga.* 297. There was no error in the order directing the minutes to be so corrected as to show the judgment actually rendered and announced.

*Judgments affirmed. All the Justices concur, except Candler, J., absent.*