### TYLER *v.* THE STATE.

Following the ruling in the case of *Merritt* v. *State,* 122 *Ga.* 752, where sentence upon a misdemeanor convict was orally pronounced in open court, imposing a fine, or, alternatively, service upon the chain-gang for a given number of months, and, in writing out the sentence and placing the same on the minutes of the court, the clerk inadvertently omitted stating the number of months specified in the oral sentence, which the defendant should serve upon the chain-gang, thus leaving the time of service indefinite, such omission could at a subsequent term of court, upon a direct proceeding for the purpose, and upon legal proof of the facts, be cured, and the sentence and minutes of the court be so amended as to conform to the truth, and carry into effect the oral pronouncement of sentence.

Submitted February 19,—Decided March 23, 1906.

Amendment of record.   Before Judge Martin.   Wilcox superior court.   December 11, 1905.

At the September adjourned term of the superior court, 1905, the following order was passed: (after stating the case) "Whereas, at the March term, 1905, of said court, the defendant, John W. Tyler, was convicted, upon the aforesaid indictment, for a misdemeanor, and thereupon, at said term of the court, the court pronounced sentence orally, in open court, sentencing the defendant to pay a fine of seventy-five dollars ($75.00), and that in default

thereof that said defendant work in the chain-gang on the public works for the full term of nine months; and whereas, in writing out said sentence and in entering the same upon the minutes of the court, the clerk omitted the word 'nine,' where it occurred in said sentence when orally pronounced in open court as aforesaid: wherefore it is ordered and adjudged by the court that said sentence and the minutes of said court be corrected by writing in said sentence the word 'nine' immediately after the words 'public works for the full term of,' and before the word 'months,' so as to make the sentence conform to the sentence as orally pronounced upon said defendant by the court, as aforesaid. It is ordered that this order be entered upon the minutes, and that the clerk of this court correct said minutes and said sentence as herein directed." To this order Tyler excepted.

*E. H. Williams* and *J. L. Bankston,* for plaintiff in error, cited 197 Ill. 15, s. c. 63 N. E. 1076; 118 Ill. 160; 6 Fed. 63; 65 N. C. 518, 637; 3 Am. & Eng. Enc. L. (1st ed.) 796; 12 Cyc. 787(3). See 115 *Ga.* 27.

*E. D. Graham, solicitor-general,* contra, cited Civil Code, §§ 5118, 5119; *Ga. R.* 61/680; 69/289, 296; 88/99; 107/717; 19 Enc. Pl. & Pr. 495.

ATKINSON, J. In the case of *Merritt* v. *State,* 122 *Ga.* 752, it is ruled, in effect, that oral judgment as pronounced by the court is the real judgment of the court, and if, by clerical omission in writing out the judgment and entering the same upon the minutes of the court, any part of the judgment as orally pronounced is omitted, the records of the court may be afterwards corrected so as to conform to the truth. If done at the same term, the court may make the correction without notice to any one; if at a subsequent term, it must be upon notice to the parties at interest. In the case at bar no question is raised as to the want of notice to the defendant; nor is it contended that the order of the court did not recite the truth of the transaction. In the absence of such contentions it will be presumed that the defendant was duly notified, and that the amendment was in accordance with the truth. Under these facts, the case falls within the ruling expressed in the case cited, and the judgment of the court below will be

*Affirmed. All the Justices concur.*