### 4090.   EASTERLING v. THE STATE.

1. A judgment is a decision or sentence of the law, pronounced by the court and entered upon its docket, minutes, or record. A mere oral decision is not a judgment from which an appeal can be entered, until it has been put in writing and entered as such.

2. While the dismissal of a writ of error, by the Supreme Court or the Court of Appeals, operates as an affirmance of the judgment rendered by the court below, yet where no judgment has been rendered by the court below, the dismissal is a mere nullity, since there is no judgment to be affirmed.

3. Where no judgment overruling a motion for a new trial has in fact been rendered, the mere prosecution of a writ of error to this court, seeking to have reviewed an alleged judgment overruling the motion for a new trial in a criminal case, will not preclude the plaintiff in error from thereafter showing, from the record, that no judgment overruling the motion had been in fact rendered by the court below, and from insisting that the motion for a new trial, which had been duly filed, approved, and considered by the court below, be there heard and determined.

DECIDED MAY 7, 1912.

Indictment for misdemeanor; from Tattnall superior court—Judge Sheppard. October 19, 1911.

At the October term, 1910, of Tattnall superior court Easterling was convicted of a violation of the prohibition law, and he made a motion for a new trial, which was heard by the presiding judge, and at the conclusion of the hearing the judge announced orally that he would overrule the motion. A written order overruling the motion was prepared, to be signed by the judge, but, through some inadvertence, was never signed, and no such judgment was signed or entered. The movant's attorney prepared a bill of exceptions, reciting that the judge had passed an order overruling his motion for a new trial, and excepting to such order. After the bill of exceptions had been certified and served he discovered that no order had been passed and no judgment entered overruling the motion for a new trial, and he thereupon instructed the clerk of the court not to send up to the Court of Appeals the bill of exceptions, and stated that he proposed to withdraw it. The solicitor-general, however, directed the clerk to send it up to the Court of Appeals, with a certificate that the delay in the transmission of the record was due to the above instructions of the attorney for the plaintiff in error. In the Court of Appeals, when the case was called, the solicitor-general made a motion to dismiss the writ of

error, because of the delay in sending up the record, which had been caused by the attorney for the plaintiff in error. In answer to this motion counsel for the plaintiff in error asked the Court of Appeals for leave to withdraw the bill of exceptions, without prejudice, on the ground that there was no judgment overruling his motion for a new trial. The request for leave to withdraw was refused by the Court of Appeals, and the writ of error was finally dismissed, because of the delay in the transmission of the record. *Easterling* v. *State*, 9 *Ga. App.* 464 (71 S. E. 774). This judgment of the Court of Appeals was made the judgment of Tattnall superior court, and thereupon the solicitor-general made a motion to have the sentence of the court theretofore imposed upon the accused carried into effect. The accused resisted this motion, on the ground that his motion for a new trial had never been disposed of and was still pending, and requested the trial judge to give him a hearing thereon. The trial court refused to hear the motion for a new trial, and ordered the sheriff to execute the sentence imposed upon the accused; and this is the error complained of.

*Hines & Jordan, H. H. Elders,* for plaintiff in error.
*N. J. Norman, solicitor-general,* contra.

HILL, C. J. (After stating the foregoing facts.)

The question is whether the oral announcement of the trial judge, on the hearing of the motion for a new trial, amounted to a judgment from which an appeal could be entered. A judgment is the decision or sentence of the law, pronounced by the court and entered upon its docket, minutes, or record. A judgment of a court of record can only be shown by its records. Where there is no record, there is no judgment. Plant *v.* Gunn, 17 Fed. Cas. 800; Tidd's Practice, 930. Another definition is, that a judgment is that final determination from which an appeal may be taken, and which is evidenced by the formal entry made by the clerk of the court. Words & Phrases Judicially Defined, Vol. 4, p. 3832. In *Lytle* v. *DeVaughn,* 81 *Ga.* 228 (7 S. E. 281), the court announced orally that the motion to dismiss an illegality was granted. No order of dismissal was entered on the original papers, or on the minutes of the court, or signed by the judge; and it was held that, as the court was a court of record, the mere announcement by the judge of his judgment did not terminate the case; it remained pending in court

to await the preparation and entry of the final order or judgment, and the pleadings were amendable, even after the oral announcement of judgment by the court and before any final order or judgment had been signed or entered on the minutes. And in *Freeman* v. *Brown,* 115 *Ga.* 27 (41 S. E. 385), it was held that what the judge orally declares, until it has been put in writing and entered as such, is no judgment, and the decision in *Lytle* v. *DeVaughn* was referred to as authority directly in point. The two decisions cited from the Supreme Court were on the question whether the pleadings were amendable after an oral decision had been announced, but before such decision had been signed or entered, and they both held that before the signing or entry of the decision, the pleadings were amendable. We conclude from these decisions, as well as from the other authorities above cited, that the mere oral announcement by Judge Seabrook on the hearing of the motion for a new trial, that the motion would be overruled, was not a judgment. It was not signed by the judge, and no judgment was entered on the minutes of the court. If the judgment had been written on the original pleadings and signed by the judge, it would have been a valid judgment; or if the oral decision had subsequently been entered on the minutes in writing by the clerk, and the minutes had been approved by the judge, we think this also would have amounted to a judgment.

There having been no judgment overruling the motion for a new trial, there was nothing from which to except, and the writ of error subsequently sued out was a mere nullity. If there had been a judgment in the court below, the dismissal would have operated as an affirmance of the judgment, for there can be no doubt about the proposition that when a case is taken to the Court of Appeals and the writ of error is there dismissed for any cause, the judgment of the court below is affirmed as effectually as if the case had been heard on its merits and the judgment of the court announced thereon. *Rice* v. *Carey,* 4 *Ga.* 558. But the Court of Appeals, in dismissing the writ of error, could not make a judgment in the court below. It could only affirm the judgment rendered by that court; and in this case there was no judgment to be affirmed. It necessarily follows from this that the motion for a new trial is still pending in the court below, and should be heard and determined.

When counsel for the plaintiff in error first discovered that

there had been no judgment rendered on his motion for a new trial, and that the recital in the bill of exceptions was a mistake, he probably should have applied to the presiding judge to then perfect the record by embodying his oral decision into a judgment. *Merritt* v. *State*, 122 *Ga.* 752 (50 S. E. 926); *Tyler* v. *State*, 125 *Ga.* 46 (53 S. E. 818). We do not think the mere recital in the bill of exceptions, that a judgment had been rendered overruling the motion for a new trial, operates, under the facts of the case, as an estoppel against the plaintiff in error. The record disclosed that no such judgment had been entered. Besides, it was conceded that none had been rendered. Even in civil cases estoppels are not favored; and in a case where liberty is involved this court is even less willing to invoke the doctrine.

For the foregoing reasons the judgment of the lower court is reversed, with direction to hear and determine the pending motion for a new trial. *Judgment reversed, with direction.*