## 5639.  RUTLAND *v.* THE STATE.

As a general rule, the judgment of a court is within the breast of the
court until the end of the term at which it was rendered, and a sentence
may be amended at any time during the term and before execution has
begun; but if the defendant has complied with or entered upon the
execution of a valid sentence, it can not be set aside and a new or
different one imposed, even at the same term.  A fortiori, a new sen-
tence can not be pronounced after the term has passed and the first or
original sentence has been either wholly or in part complied with; and
no amendment to the judgment can take place, where to allow it would
require the passing of a new sentence.

DECIDED JULY 7, 1914.

Motion to correct sentence; from Worth superior court—Judge
Cox.  March 14, 1914.

*Perry, Foy & Monk, J. B. Williamson, Tison & Bell,* for plaintiff
in error.

*R. C. Bell,* solicitor-general, *J. H. Tipton, L. D. Passmore, Little,
Powell, Hooper & Goldstein,* contra.

RUSSELL, C. J.  The question raised in this case is whether it is
within the power of a judge of the superior court, after the ad-
journment of the term at which the sentence was imposed, to alter
or amend a sentence entered upon the minutes of the court; and
especially whether it is within his power, by a modification of the
sentence, to increase the penalty imposed by a previous sentence
which was valid and in accordance with and authorized by the
verdict.  The precise point does not seem to have been adjudicated
by the Supreme Court of this State, though it has been dealt with
by numerous courts of last resort in other jurisdictions.  In *Plain*
v. *State,* 60 *Ga.* 284, Judge Bleckley pointed out that a prisoner
can not complain that his sentence is mitigated or reduced from a
term which is within the limits prescribed by law, because the
change is a boon to the defendant and for his benefit; and the case
of *Jobe* v. *State,* 28 *Ga.* 235, is cited.  However, neither in *Jobe's*
case nor in the *Plain* case, supra, had the judgment orally pro-
nounced by the court been entered on the minutes; and in both
cases the alteration of the sentence was made before the adjourn-
ment of the term during which the trial was had, and the change
was made, therefore, while the judgment, even if entered upon the
minutes, would still, in legal contemplation, have been lodged in
the breast of the judge.  And likewise in *Meaders* v. *State,* 96 *Ga.*

299 (22 S. E. 527), in which the judge increased the penalty upon being told that the defendant would move for a new trial, the Supreme Court, while disapproving the imposition of a severer penalty based upon the reason assigned by the trial judge, specifically affirmed that the right of the judge to change the sentence as he did (even if there had been good cause for the change) rested upon the general rule that "judgments of a court are within its breast until the end of the term, and the sentence may be amended at any time during the term and before execution has begun."

In the case at bar, as disclosed by the record of the superior court of Worth county, the defendant was sentenced to "be placed and confined at labor in the chain-gang . . for and during the full term of 12 months, and 6 months in jail; provided that the defendant be relieved of said chain-gang and jail sentence after serving 6 months in the chain-gang, upon the payment of $500, without costs of said case,—payment to be made instanter." The sentence further provided, in accordance with the act approved August 16, 1913 (Acts of 1913, p. 112), that "upon the payment of said fine the defendant should be allowed to serve said sentence of 18 months as above stated outside the confines of said chain-gang or other place of detention," upon terms thereafter fully set forth in the sentence (relating to good behavior, reports to probation officer, etc.). The offense charged was a misdemeanor. The sentence imposed was within the discretion with which the court was clothed. After the imposition of the sentence and upon the same day, the superior court of Worth county adjourned for the term, and shortly thereafter the defendant paid the fine of $500 and reported to the probation officer. The sentence as imposed, so far as its contents could be authenticated by the minutes of the court, was fully executed, unless the defendant, by subsequent bad conduct, should bring himself within the penalties of which the sentence was intended to hold him in terrorem. On March 12, 1914, the solicitor-general filed a petition asking that the sentence upon the minutes be corrected so as to conform to a previous oral pronouncement of sentence, alleged to have been uttered by the court, and alleging that the provision relating to 18 months service under the probation officer, without labor or imprisonment, had been incorporated by mistake, in the hurry incident to the hasty adjournment of the court. The court was not at that time in session, but the petition

filed by the solicitor-general contained a prayer that the judge would call a special term of court for the purpose of determining the merit of the petitioner's motion to amend the judgment and sentence. In response to the petition the court, in vacation, issued a rule calling upon the defendant to show cause why the judgment should not be corrected so as to make it speak the truth of the sentence orally pronounced by the court, and calling a special term of the court, to be held on March 14, 1914, "for the purpose of entertaining, hearing, and passing upon said petition and motion, and for the transaction of any and all other business pertaining to the subject-matter thereof that may come or be brought to the attention of the court and the judge thereof." On March 14, 1914, at the special term above referred to, after hearing evidence as to the clerical preparation of the sentence sought to be set aside, and after a statement by the judge himself as to what transpired, and that it was his intention to sentence the prisoner in accordance with a written memorandum which had been kept by the clerk, and that the sentence as signed by him was signed without reading the whole of it, the judge passed an order so amending the sentence that, although the defendant had paid the $500 fine, he would only be permitted to avail himself of serving the sentence under the surveillance of the probation officer after he had served six months at hard labor upon the public works, in the chain-gang. In other words, under the sentence as it appeared upon the minutes of the January adjourned term of Worth superior court, the defendant had the option of serving the entire sentence of 18 months in the merely constructive custody of the probation officer, without labor or imprisonment, whereas under the sentence as amended by the judgment at the special term, he could only exercise this option for 12 months after having worked six months in the chain-gang; with the result that the change in the sentence practically amounts to the imposition of sentence of 6 months service in the chain-gang in addition to the penalty imposed by the original sentence entered upon the minutes before the adjournment of the court.

We are clear in the opinion that the court erred in amending the sentence. It is greatly to be doubted whether section 4876 of the Civil Code confers upon a judge of the superior court the power to call a special term of court for the purpose of amending a sentence in a criminal case. The language of the code section as to

special terms is that "such judges are authorized to hold special terms of said courts for the *trial of criminals,* or for the disposition of civil business, either or both." Certainly the amendment of the sentence in a criminal case, if permissible at all, can not be said to be civil business, nor can it be said to be the trial of a criminal; for, while the imposition of sentence is one of the incidents of a criminal trial, it is also the conclusion and ultimate incident of the trial, and, while the whole necessarily includes all of the parts, the sentence can not, in legal contemplation, be considered the equivalent of a criminal trial, nor can it be supposed that it was so considered by the General Assembly at the time of the passage of the act of 1890-1 (Acts of 1890-1, p. 74).

Should we seek to treat the proceeding filed in the present instance as being a proceeding similar in its nature to a motion to set aside a judgment, many points of dissimilarity between the incidents and the consequences of civil and criminal proceedings at once suggest themselves. But even were this a civil case, we should hardly hold it to be equitable to permit the State, as one of the parties, to retain $500 paid by the opposite party upon a judgment declaring that upon its instant payment the opposite party might be relieved of 18 months of labor and imprisonment, and, with the judgment thus partially complied with by one of the parties, to amend it so that the opposite party should, in addition thereto, be required to labor 6 months, when, under the terms of the original judgment, the payment might not have been made, and perhaps could not have been enforced.

It is not by any means plain that the motion to amend the sentence in a criminal case can be classified with those motions to set aside judgments in civil cases which may be filed at any time within three years, or that it is affected by the same principles as are judgments in civil cases. The amount of the judgment in a civil case is determined by the pleadings and the evidence; the parties defendant are limited to those named in the pleadings, and the rights of each are fixed by law. The sentence in a criminal case, within the limits fixed by law, is subject to no rule of law or evidence, but is dependent wholly upon the discretion of the trial judge. The exercise of this discretion, if within the bounds provided by law, is not subject to inquiry or review. This has been uniformly held. And a manifest difference between a sentence

in a criminal case and a judgment in a civil case is that the former is but an expression of the discretion of the judge who tried the case, whereas the judgment in a civil case is the result of the application of evidence upon the points involved to the law pertinent to the issue definitely made in the pleadings, and to nothing else. The correctness of a judgment in a civil case can be determined by the pleadings and the evidence, whereas the quantum of punishment inflicted upon the offender for the infraction of a criminal law is a matter not to be gainsaid unless the sentence, without regard to the evidence, is unauthorized by law.

The power of amending records so as to make them speak the truth is of course inherent in all courts of record, but that question is not here involved, for the reason that the State's contention, when reduced to its last analysis, is not that the sentence which was signed by the judge and placed upon the minutes was improperly or incorrectly entered, but rather that it failed to conform to an oral sentence announced by the court prior to the time that the judge affixed his signature to the sentence entered upon the minutes. In *Freeman* v. *Brown,* 115 *Ga.* 27 (41 S. E. 387), it was said: "The oral announcement of the judge was no judgment, neither were the shorthand notes of the stenographer of the matter and language of this oral announcement the judgment of the court; and certainly the · uncompleted transcription of these notes into longhand was no judgment. What the judge orally declares is no judgment until it has been put in writing and entered as such." See also *Easterling* v. *State,* 11 *Ga. App.* 135 (74 S. E. 899); *Webster* v. *Dundee,* 93 *Ga.* 278 (20 S. E. 310). The sentence as reduced to writing, therefore, and signed, was a lawful sentence, and the only lawful sentence; and while, under the provisions of section 4644 of the Civil Code the court had power "to amend and control 'its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth," this power is defined and limited by the provisions of section 5703 of the Civil Code, under which it can be exercised only "when there is something on the face of the proceedings to amend by, from which what actually took place. in the prior proceedings can be clearly ascertained and known." From this it would seem that the power of a court to amend and correct its judgments is limited to instances in which the judgment

entered is not in harmony with the pleadings, or where the judgment shows on its face that it is incomplete and does not express the entire judgment actually rendered by the court. As to this see *Merritt* v. *State*, 122 *Ga.* 752 (50 S. E. 925), and *Tyler* v. *State*, 125 *Ga.* 46 (53 S. E. 818), in each of which cases the court was dealing with an incomplete sentence, which fact appeared from the face of the sentence itself. In the *Merritt* case the word "guilty" was omitted and a blank space was left where it should have been written, and in the *Tyler* case a blank space was left where the term of service imposed by the court should have been inserted. The language used in these cases, especially in the *Tyler* case, so far as it relates to the weight apparently attached to the previous oral announcement of the court, is not controlling, when it is considered that the point as to the legal validity of the so-called oral sentence was not before the court, and that this point has since been expressly ruled upon in *Freeman* v. *Brown*, supra.

In the case at bar the record sought to be amended does not disclose the absence of any statement which is material to the validity of the sentence as a whole, and we do not think that it is within the power of the court to amend a sentence in a criminal case by reference to the oral testimony of witnesses. "According to the weight of authority, the rule is that a judgment or decree can be amended or corrected only where there is sufficient record evidence, or evidence quasi of record, to sustain the amendment, and that extraneous evidence can not be received for this purpose. In this connection it is generally considered that the notes and minutes made by the judge upon his docket are record evidence; but the amendment can not be based on the judge's knowledge or recollection of the facts, or his affidavit in regard to the error to be corrected." 23 Cyc. 879 (sub-par. G.). In *Dixon* v. *Mason*, 68 *Ga.* 478 (2), it was held that a judgment must be amended by an inspection of the record, including the verdict and pleadings. Parol proof can not furnish a ground of amendment not in the record. For this reason, even if we had not noted an essential difference between the amendment of a judgment in a civil case and the alteration of a valid sentence, legally imposed, in a criminal case, and entered upon the minutes, and even if this sentence had not been partially executed, we are of the opinion that neither the evidence of the clerk in regard to the oral announcement of

the judge, nor the testimony of the judge himself, should have been considered in determining the question of whether the judgment should be amended. A judge can not be a witness in his own court; nor should his judgment be affected by his own knowledge of the facts affecting the issue.

But even should we be in error as to our view of the rulings of the Supreme Court in *McCandless* v. *Conley*, 115 *Ga.* 51 (41 S. E. 256), and in *Sims* v. *Georgia Railway & Electric Co.*, 123 *Ga.* 645 (51 S. E. 574), in the latter of which cases the court held, citing 1 Black on Judgments, § 167, that "during the term of the court at which a judgment is rendered, it is within the breast of the presiding judge and may be vacated upon proper cause shown, but after the term has expired, the judgment is 'upon the roll,' and is not subject to review or revision by the trial court," we are clear that the defendant's payment of the fine of $500, and its retention by the State as a part of the sentence imposed, absolutely barred the State's right to insist upon the setting aside of the judgment, or its amendment by the imposition of an additional penalty. As a general rule, where the defendant has executed or entered upon the execution of a valid sentence, the court can not, even during the term at which the sentence was imposed, set it aside and impose a new sentence. 25 Am. & Eng. Enc. Law, 315 (sub 5 (2)). It is stated in the Encyclopedia of Pleading & Practice (vol. 19, p. 143), that "As a general rule, if the defendant has executed or entered upon the execution of a valid sentence, such sentence can not be set aside and a new or different one imposed, even at the same term; and a fortiori a new sentence can not be pronounced after the term has passed and part of the imprisonment has been suffered, and no amendment to the judgment can take place in such a case where to allow it would require the passing of a new sentence." Eminent authorities are cited in support of this statement. Among authorities in support of these propositions the following cases may be cited: Ex parte Lange, 18 Wall. (U. S.), 163 (21 L. ed. 872); Bradford v. People, 22 Colo. 157 (43 Pac. 1013); Brown v. Rice, 57 Me. 55 (2 Am. R. 11); Commonwealth v. Foster, 122 Mass. 323 (23 Am. Rep. 326); Matter of Mason, 8 Mich. 70; People v. Meservey, 76 Mich. 223 (42 N. W. 1133); People v. Kelley, 79 Mich. 320 (44 N. W. 615); In re Jones, 35 Neb. 499 (53 N. W. 468); State v. Gray, 37 N. J. L. 368; State v. Addy, 43

N. J. L. 113 (39 Am. R. 547); State *v.* Warren, 92 N. C. 825; State *v.* Crook, 115 N. C. 760 (20 S. E. 513, 27 L. R. A. 260); In re Habeas Corpus, 5 Ohio Dec. 571; State *v.* Cannon, 11 Oregon, 312 (2 Pac. 91); Whitney *v.* State, 6 Lea (Tenn.), 247; Grisham *v.* State, 19 Tex. App. 504. In People *v.* Felker, 61 Mich. 115, it was held that there is neither law nor precedent for the imposition of a further sentence than that which the court imposed at the time of pronouncing the first judgment. In an Alabama case (Ex parte State [In re Newton], 94 Ala. 433, 10 South. 549), it was held that the power of the court to modify its judgment, except for the correction of clerical misprisions, or to amend nunc pro tunc for the purpose of making the record speak the truth, ceased at the expiration of the term. A judgment imposing punishment can not be pronounced by piecemeal, at different terms, and after the expiration of the term the court is without power to substitute another kind of punishment for that first imposed. The judgment or sentence pronounced during the term must embrace the entire punishment imposed.

Concluding that the court had no power to go outside of the record in order to amend its judgment, and that the record bespoke a legal valid judgment which required no amendment, it is our opinion that the court was without power to amend this sentence which had been partly complied with by the defendant. The power to fix the penalty to be paid by an offender is so important and so peculiar that even the possibility of error is to be avoided; and while the exalted character of the learned trial judge who presided in the instant case would forbid even the suspicion of wrong-doing, it would never do to hold that the exercise of so important a function as that of imposing a sentence can be submitted to subsequent inquiry or attack, by either the State or the accused, provided the sentence imposed is within the bounds prescribed by law. As already stated, the judgment entered is the result of the exercise of a discretion which in most cases permits of a wide range and which must be used with solemn deliberation, although it may be liberally exercised. It can not be presumed that such discretion would either be abused or lightly considered.          *Judgment reversed.*