## PULLIAM *v.* JENKINS, sheriff.

ATKINSON, J.  At the term of the superior court at which a verdict was rendered in a criminal case, finding the defendant guilty, the judge pronounced oral sentence upon the defendant in open court, directing that he serve on the public works of the county for the space of twelve months.  At the same term a paper was signed by the judge and duly entered on the minutes of the court, which, after stating the substance of the verdict, directed that the defendant "pay a fine of . . . . . . . . . . . dollars, to include all costs," and that in default of such payment the defendant "be put to work and labor on the public works" of the county, or otherwise as the proper authorities may direct, for the space of twelve months to be computed from the time of his delivery, with the privilege to the defendant at any time after commencement of work to pay the fine and costs and be discharged.  After a judgment refusing the defendant a new trial was affirmed by the Court of Appeals and the remittitur was made the judgment of the trial court, the defendant paid $30 (which was the amount of costs in the case) to the clerk of the latter court, and received from him a receipt therefor "in full payment of all costs, fines, and charges in" the case.  Afterwards and during the second regular term after oral pronouncement of sentence and the signing by the judge of the aforesaid paper and its entry upon the minutes of the court, the solicitor-general brought a direct proceeding against the defendant, by petition to the judge, to correct the paper signed by the judge as the sentence of the court, so that it should conform to the oral sentence, by striking therefrom the language relating to fine and discharge of the prisoner on payment of fine, but leaving it to stand as to service on the public works of the county.  The grounds alleged for correcting the sentence were clerical error upon the part of the solicitor-general in preparing the sentence, and inadvertence of the judge in signing the paper without discovering the error.  The petition was sanctioned, and the judge issued a rule nisi calling upon the defendant to show cause at the court-house on the following day why the paper should not be corrected as prayed.  The defendant filed a demurrer and answer.  A hearing was had in open court at the appointed time and place, and evidence was introduced.  At the conclusion of the hearing a judgment was rendered correcting the sentence as prayed.  *Held:*

1. The judge had power at the subsequent term, in the direct proceeding against the defendant after due notice and a hearing, to correct the paper inadvertently signed as a sentence and entered upon the minutes of the court, so that it should conform to the actual sentence orally pronounced. Civil Code (1910), §§ 4644 (6), 5703; *Merritt* v. *State*, 122 *Ga.* 752 (50 S. E. 926); *Tyler* v. *State*, 125 *Ga.* 46 (53 S. E. 818).

(a) Payment of cost by the defendant did not deprive the judge of power to subsequently correct the sentence.

(b) The case differs from *Porter* v. *Garmony*, 148 *Ga.* 261 (96 S. E. 426), and *Shaw* v. *Benton*, 148 *Ga.* 589 (97 S. E. 520), holding that a trial judge, after adjournment of the term at which the sentence was imposed by him, has no authority to change or modify the original sentence. The rulings there made had reference to modification of sentences formally entered as they were intended to be; not to correction of an erroneously written sentence inadvertently signed by the judge and placed on the minutes of the court.

2. On the trial of a habeas-corpus case instituted by a prisoner held by a sheriff after payment of court costs, under a sentence of court corrected in the manner and under circumstances as indicated in the preceding note, it was not error to refuse to strike so much of the answer of the sheriff as set up the corrected sentence of the court; or to admit in evidence the record of the proceedings to correct the sentence, over objection, stated in various forms, that the judgment was void because the judge was without authority or jurisdiction to correct the sentence at the time and in the circumstances of the case.

3. The judgment refusing to discharge the prisoner and remanding him to the custody of the sheriff was in accordance with the law and authorized by the evidence.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 3973. November 14, 1923. Rehearing denied March 1, 1924.

Habeas corpus. Before Judge Daley, of the city court of Decatur, presiding in the city court of Fairburn. August 18, 1923.

*Harwell, Fairman & Barrett,* for plaintiff.

*Claude C. Smith, solicitor-general,* for defendant.

Russell, C. J., dissenting. This is a petition for habeas corpus. It was heard before his honor Judge Daley, of the city court of Decatur, presiding in the city court of Fairburn. The plaintiff in error was convicted upon an indictment for making liquor. There was a verdict of guilty, with a recommendation that the defendant be punished as for a misdemeanor. Upon the same day the court signed a judgment sentencing the defendant to pay all the costs of the prosecution within three days from the time of sentence, or work on the public works of the County of Campbell, etc., for the space of twelve months. This sentence was signed by the then solicitor-general of the Stone Mountain circuit and by the trial

judge, and was entered upon the minutes of the court. The case was taken by bill of exceptions to the Court of Appeals for review, where the judgment of the lower court was affirmed. Three terms later, at the August term, 1923, and after the return of the remittitur from the Court of Appeals, the judge of the superior court, upon motion or petition of the solicitor-general, ordered the judgment which had been the subject of review in the Court of Appeals changed so as to impose upon the plaintiff in error a straight sentence of twelve months in the chain-gang without any alternative. The plaintiff in error insists that the judge was not authorized to thus change the sentence, and that his action in so changing the former judgment of the court is nugatory and void. There is no question on my mind that this contention is sound. It seems to be assumed by State's counsel that this case falls within the plenary powers of a court to amend its minutes so as to make them speak the truth; and it is averred in the motion or petition of the solicitor-general that the former solicitor-general mistakenly prepared the sentence, and that the trial judge thoughtlessly signed it without reading the writing. It is also insisted that the second or substituted sentence merely follows a sentence orally pronounced at the time of the trial. As to these contentions it suffices to say that there is not the slightest effort to prove that the solicitor-general, Hon. Alonzo M. Brand, made any mistake in the sentence which he drew. Being dead he cannot speak. There is no evidence to support the allegation of the petition that the judge thoughtlessly signed a paper sentencing the defendant without being aware that its contents were exactly the opposite of the sentence he intended to impose. Neither the clerk nor the sheriff, who stand always near by the judge, and both of whom were introduced as witnesses, testified that there was any oral pronouncement by the judge. In a court of record, and where the liberties of a citizen are concerned, and in which there can be no oral judgment in civil cases, an oral sentence would indeed seem to be an anomaly. However, the sentence entered upon the minutes was not an oral sentence. The sentence was one which in misdemeanor cases is not unusual; and the judge, whether the first or the last sentence be referred to, evidently intended to regard the recommendation of the jury that the accused be sentenced as for a misdemeanor. Indeed the verdict was such that, unless it had been corrected at the time, a felony

sentence could not have been imposed; for the jury did not fix either a maximum or a minimum sentence, and the penalty for making intoxicating liquors in this State is from one to three years in the penitentiary. In addition to the fact that there is no evidence in this record that the solicitor-general in fact prepared an improper sentence or that the judge signed it so thoughtlessly as alleged, it must be presumed that the sentence as entered upon the minutes was read as required by law, with full opportunity for correction, before the adjournment of the term at which it was entered by the clerk upon the minutes. The provisions of § 4646 of the Civil Code are mandatory. "The minutes of every court of record *must* be read by the clerk each morning in open court, and, on the adjournment of the court, must be signed by the judge, judges, or justices thereof. . . ." Every judgment rendered by a court of record rests within the bosom of the court, and is subject to recall or amendment until the court has adjourned. Until the adjournment of the August term, 1922, it was within the power of the judge to have rescinded the sentence, which only imposed payment of the costs upon this defendant, and the judgment read in open court by the clerk would at once have called his attention to the mistake, if any.

The question raised by the present writ of error is whether it is within the power of the judge of the superior court to materially or, as in this case, absolutely, change a sentence upon which he has certified a bill of exceptions, three terms after the adjournment of the court at which it was signed and entered upon the minutes, to the detriment and injury of the defendant, who is thus made to suffer for the misfeasance of the solicitor-general and the mistake of the judge. Such a change in judgments in civil cases cannot be made. In *Pitman* v. *Lowe*, 24 *Ga.* 429, where nothing more was involved than the amendment of a judgment by inserting interest in addition to the principal which was already in the judgment (and where as in this case a rule nisi was served upon the defendant), the court, speaking through Chief Justice Lumpkin, held that "Courts will not allow judgments to be amended by parol proof, particularly if the judgment has been satisfied, and much time has intervened since it was rendered." Thus we see that the demurrer of the plaintiff in error to the motion of the solicitor-general should have been sustained, because the court could not go further than to

amend the judgment in conformity with the verdict of the jury, and the sentence first entered upon the minutes of the superior court in this case was one authorized by the verdict; it was within the discretion of the court imposing the sentence (*Jinks* v. *State,* 114 *Ga.* 430, 40 S. E. 320), and therefore a perfectly valid sentence. In *Dixon* v. *Mason,* 68 *Ga.* 478 (2), in which Chief Justice Jackson delivered the opinion, this court held: "The judgment must be amended by an inspection of the record, including the verdict and pleadings; parol proof cannot furnish a ground of amendment not in the record." In *Woolfolk* v. *Gunn,* 45 *Ga.* 117, an order entering the verdict of a jury nunc pro tunc upon the minutes in order to make them speak the truth was affirmed, but it was held also: "That in granting the amendment the order should be so framed as that it should work no harm to any defenses to the judgment which any of the parties to the motion might have, growing out of the failure of the plaintiff to have his verdict entered at the proper time." In the case at bar this provisional requirement was not followed. In *Lytle* v. *DeVaughn,* 81 *Ga.* 228 (7 S. E. 281), the court announced orally that the motion to dismiss an illegality was granted. No order of dismissal was entered on the original papers or on the minutes of the court, or signed by the judge; and it was held, that, as the court was a court of record, the mere announcement by the judge of his judgment did not terminate the case; it remained pending in court to await the preparation and entry of the final order or judgment, and the pleadings were amendable, even after the oral announcement of the judgment by the court, if before the final order or judgment had been signed or entered on the minutes. In *Freeman* v. *Brown,* 115 *Ga.* 23, 27 (41 S. E. 385), it was held that what the judge orally declares, until it has been put in writing and entered as such, is no judgment at all; and the decision in *Lytle* v. *DeVaughn,* supra, was referred to as authority directly in point. A judgment of a court of record can only be shown by its record. As to oral pronouncements, if there is no record there is no judgment. Plant *v.* Gunn, 17 Fed. Cas. 800; Tidd's Practice, 930. If the judgment entered upon the minutes was, as is now insisted, a void judgment, then the plaintiff in error was deprived of the right of review, and his bill of exceptions to the Court of Appeals was nugatory. A judgment is that final determination from which an appeal may

be taken, and which is evidenced by the formal entry made by the clerk of the court. 4 Words & Phrases, 3832. In *Shaw* v. *Benton,* 148 *Ga.* 589 (supra), Chief Justice Fish, expressing the unanimous opinion of this court, held that "Under numerous decisions of this court the trial judge, after the adjournment of the term at which the sentence was imposed by him, had no authority to change or modify the original sentence." In the case at bar, we have a sentence duly signed and entered upon the minutes of the court, under which the defendant was subjected to a penalty of paying the costs or serving twelve months in the chain-gang, changed, during the third term after the adjournment of the court, to a sentence of twelve months upon the chain-gang without alternative. In the ruling of Chief Justice Fish there is no exception for mistake or errors on the part of the solicitor-general, because it must be presumed that the provision of § 4646, supra, have been obeyed; and certainly a party in a civil case, and much more a defendant in a criminal case, should come within the provision of the law which forbids that any one should suffer for the failure of any officer to perform his duty.

The rule as stated in 10 A. L. R. 548, is supported by authorities from the decisions of the United States courts and well-nigh every State in the Union. It is this: "The power of courts to correct clerical errors and misprisions in judgments and decrees, and to make records speak the truth by nunc pro tunc amendments after the terms end, and in cases not continued beyond them for further action, unaided by legislation, does not enable them to change their judgments in substance *or in any material respect."* The rule as to changes in judgments in civil cases as set forth in the cases cited above is unquestionable and well settled. The Court of Appeals in *Rutland* v. *State,* 14 *Ga. App.* 746, 750 (82 S. E. 293), and in *Mathews* v. *Swatts,* 16 *Ga. App.* 208 (84 S. E. 980), as well as in *Easterling* v. *State,* 11 *Ga. App.* 134 (74 S. E. 899), has followed in criminal cases the same rule as announced by this court from the beginning as to judgments in civil cases, and the rule so clearly stated by Mr. Chief Justice Fish in the *Shaw* case, supra; and has held that necessarily there cannot be an oral judgment in a court of record. The decision in *Merritt* v. *State,* 122 *Ga.* 752 (supra), upon which the State relies, was a decision by only five Justices, and therefore not necessarily binding upon this court.

The thought that a defendant can have a second sentence imposed upon him for the same offense is repugnant to the concept of a fair and public trial. The right of a defendant in a criminal case to a public trial would be greatly impaired, if not destroyed, if it is within the power of the judge first to pass an oral sentence and thereafter enter a different written sentence upon the minutes. The sentence is an intrinsic and essential part of a trial, though generally its conclusion. Unless there is a different rule for criminal cases than for civil cases, it is not within the power of the judge to change a sentence after the adjournment of the term of court at which the sentence was imposed. This would expose the defendant to the mere caprice of the incumbent of the bench, and we might frequently have cases such as that of *Meaders* v. *State, 96 Ga.* 299 (22 S. E. 527), where the court (during the same term of court, of course) doubled the sentence formerly imposed, upon being informed that the case would be taken to the Supreme Court. Of course in the present case the exalted character of the judge who tried this particular case precludes even the possibility of such a suspicion; but, for the public interests and in the administration of justice, all rules must be general and adjusted to all who may by any possibility exercise the office of judge.