ELLIS *v.* CLARKE, warden.

No. 8502.   October 15, 1931.

*William G. McRae,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

Hill, J.   Edward O. Ellis filed his petition to the judge of the city court of Atlanta, for the writ of habeas corpus.   The writ was issued, and the respondent, the warden of the Fulton County public works, who had Ellis in custody, filed an answer.   At the conclusion of the evidence the judge remanded the prisoner to the custody of the warden.   To this judgment Ellis excepted.   He also assigned error on the admission of certain evidence, and on the continuance of the hearing from one day to another in order to allow the State time to present a motion to amend the minutes of the court, etc.   Each exception will be considered in its order.

The evidence showed that Ellis was being held by the warden of Fulton County public works under a 12-months sentence imposed by Judge E. D. Thomas in the superior court of Fulton County on November 8, 1924.   The sentence had been suspended for several years.   It was based on an indictment found against

Ellis by the grand jury of Fulton County, for larceny after trust, and a plea of guilty to the indictment, No. 16959. The sentence was recorded in the minute book of Fulton County, entitled "Minutes, Misdemeanor Sentences, 3." A certified copy of certain portions of the minutes was introduced in evidence, as was the original sentence. Ellis denied having pleaded guilty to the charge contained in the indictment on November 8, 1924, or at any time prior thereto. He insisted that the sentence under which he was held was void on the ground that it was not based on any conviction or plea of guilty. To support this contention he introduced in evidence a certified copy of certain extracts from another minute book of Fulton superior court, which recited that his plea of guilty was entered November 13, 1924. His contention was that he had entered a plea of guilty five days after he had been sentenced in his absence on November 8, 1924. On April 27, 1931, Ellis sought to withdraw this alleged plea of gulity, dated November 13, 1924, and filed a paper stating that he thereupon did withdraw the plea of guilty. This paper, or a certified copy of it, was introduced in evidence. The evidence for the State and the evidence for Ellis thus presented, on the first day of the hearing before the judge, a conflict in the minutes of the court, one minute book showing that Ellis entered his plea of guilty on November 8, 1924, and the other minute book showing that he entered the plea of guilty on November 13, 1924. In this state of the record Ellis offered his own testimony in support of the minute book which showed that the plea of guilty was entered on November 13, 1924, and that he did not appear in the superior court of Fulton County, or before any of the judges thereof, on November 8, 1924, and that he did not enter a plea of guilty until November 13, 1924. The State tendered the testimony of certain witnesses, to the effect that Ellis did appear before Judge Thomas of the superior court and did plead guilty on November 8, 1924. This testimony was objected to by Ellis, on the ground that the State could not by oral testimony vary or change the minutes of the court. The court reserved his ruling on this objection, and adjourned the hearing from Saturday, May 9, 1931, to Tuesday, May 12, 1931. On Monday, May 11, 1931, the solicitor-general of the Atlanta circuit filed in the superior court of Fulton County a petition to reform and correct the minutes of the superior court as to the date on

which Ellis entered his plea of guilty in November, 1924. This motion was set for hearing on May 11, 1931, by Judge Thomas, and notice of it was served on Ellis and his counsel; whereupon counsel for Ellis moved for a postponement, which was granted, and the further hearing was set for May 13, 1931. When the hearing on the habeas-corpus case was resumed in the city court on Tuesday, May 12, 1931, the solicitor-general made a motion to delay the hearing until an opportunity could be had in the superior court to decide the question of amending the minutes of the superior court. To this motion counsel for Ellis objected, and insisted that the court should proceed with the hearing and adjudicate the habeas-corpus case on the evidence already presented. The court granted the motion for postponement, and the hearing was continued until May 15, 1931, at which time the habeas-corpus case was decided. On Tuesday, May 12, when the question of postponement was being considered, the judge announced his ruling on the admissibility of parol evidence which had been tendered by the State, excluding this testimony on the objection interposed by counsel for Ellis. The judge's ruling on this question was as follows, as appears from the bill of exceptions: "Now, parol evidence to which objection was made, which contradicted the various minutes of the superior court introduced in evidence, is also excluded. The record in the indictment, clerk's number 16959, and the entries and names relating thereto, are not susceptible, in this court and in this proceeding, to change, variation, or contradiction by parol evidence. Now, I will hear from you as to why I should not give the solicitor-general an opportunity to change the minutes, if it can be done." (After argument) "I reached the conclusion the other day, in going through the authorities, that this court had no authority to hear parol evidence. I am obliged to be bound by the minutes and the record; I am clear on that. I also reached the conclusion that the other court has the right at any time to correct the minutes, and I am inclined to think that they can hear parol evidence on that." Whereupon the court ordered "that the foregoing matter be and the same is hereby continued to be disposed of on Friday, May 15, 1931, at 10 a. m. The continuance and delay in entering final judgment is made because of the statement of the solicitor-general of the Atlanta judicial circuit that there is pending in the superior court of this county an application

to reform and correct the minutes of that court, and in order to give him reasonable time to do this if the same can be done lawfully." To this order Ellis excepted.

In *Kneeland* v. *State*, 63 *Ga.* 461 (2), this court held: "While parol evidence may be admissible to correct a mistake in entering the names of grand jurors on the minutes of the court in which an indictment was found, yet, where the indictment was found in the superior court and transmitted to a city court for trial, parol evidence of such a mistake would not be admissible in the latter court under a plea in abatement. The proper course would be to examine the minutes of the superior court, and, if it appears therefrom that the indictment has not been found by grand jurors whose names appear thereon, then to suspend the hearing of the case until the minutes of the superior court in which the indictment was found shall be corrected, if it can be lawfully done; and if not, the indictment should be quashed by the court in which it was found." There was no error in suspending the hearing until the minutes of the superior court should be corrected, if the evidence authorized it.

■ Error is also assigned, because, when the habeas-corpus case was resumed for hearing on May 15, the judge of the city court admitted in evidence certified copies of the "amended minutes" of the superior court, and the order of the superior-court judge amending them, dated May 14. These were admitted over the objection that Ellis had filed a bill of exceptions to the granting of these orders. However, it appears from exhibit G attached to the bill of exceptions that the exception was to the order of the judge of the superior court overruling the general and special demurrers to the petition of the solicitor-general to have the minutes amended. There is no exception, so far as the record shows, to the order amending the minutes. And the exception to the overruling of the demurrer could not operate to prevent the judge of the superior court from proceeding with the hearing on the petition to amend the minutes, and to amend them if the evidence authorized it. *Mass. Bonding & Ins. Co.* v. *Realty Trust Co.*, 139 *Ga.* 180 (2) (77 S. E. 86); *Alumbaugh* v. *State*, 39 *Ga. App.* 559 (2) (147 S. E. 714). And see *Tyler* v. *State*, 125 *Ga.* 46 (53 S. E. 818), on the subject of the court amending its own minutes, where it was held: "Following the ruling in the case of *Merritt* v. *State*, 122

*Ga.* 752 (50 S. E. 925), where sentence upon a misdemeanor convict was orally pronounced in open court, imposing a fine, or, alternatively, service upon the chain-gang for a given number of months, and, in writing out the sentence and placing the same on the minutes of the court, the clerk inadvertently omitted stating the number of months specified in the oral sentence, which the defendant should serve upon the chain-gang, thus leaving the time of service indefinite, such omission could at a subsequent term of court, upon a direct proceeding for the purpose and upon legal proof of the facts, be cured, and the sentence and minutes of the court be so amended as to conform to the truth, and carry into effect the oral pronouncement of sentence." In this decision it was said: "If done at the same term, the court may make the correction without notice to any one; if at a subsequent term, it must be upon notice to the parties at interest." The Civil Code (1910), § 4644, provides: "Every court has power. . . (6) To amend and control its process and orders, so as to make them comformable to·law and justice; and to amend its own records, so as to make them conform to the truth." In *Johnson* v. *Wright,* 27 *Ga.* 555, where an order granted 24 years previously had not been placed upon the minutes of the court by the clerk, the judge ordered it done in order to make the minutes speak the truth. On exception to this order this court held: "The superior court may direct an order passed in 1834, to appoint a guardian ad litem for an infant, and which was not put on the minutes at the time, to be entered thereon now for then." In *Brady* v. *Brady,* 71 *Ga.* 71, 77, it was said: "It is sufficient to say that every court, whether it exercises exclusive or concurrent jurisdiction, is vested with inherent power to control and amend its records, judgments, and processes, and to correct errors and mistakes in them." There was no error in admitting in evidence, the amended minutes of the superior court.

■ Error is assigned on the allowance in evidence of the certified copy of the orders of Judges Humphries and Thomas amending the minutes of the superior court, on the ground that the orders were not "nunc pro tunc" orders. This assignment is without merit. While the words "nunc pro tunc" were not used, it was stated in said order that "said correction shall be made as of November 8, 1924," which is the equivalent of saying that it was made nunc pro tunc.

■ There is an assignment of error upon the refusal of the judge of the city court, hearing the application for habeas corpus, to admit in evidence the certified copy of the bill of exceptions to the order of the superior court overruling the demurrer to the petition of the solicitor-general to amend the minutes. This ruling was not error. This bill of exceptions in the superior court could not operate to prevent the superior court from proceeding with the hearing on the petition to amend the minutes, and to amend them if the evidence authorized it, for the reasons given, and under authorities cited in a previous division of this opinion.

■ The judge of the city court did not err in the rulings complained of, or, under the evidence, in remanding the prisoner to the custody of the warden of the public works of Fulton County.

*Judgment affirmed. All the Justices concur.*