---

## Lamb *v.* Dillard *et al.*

1. Under section 4721 of the code, it is the duty of the sheriff who makes an arrest under a magistrate's warrant from another county to carry the accused, with the warrant under which he was arrested, to the county in which the offence is alleged to have been committed, for examination before a judicial officer of that county. This he must do although the accused offers to waive examination and tenders to the sheriff a bond with security, approved by a magistrate of the county in which the arrest is made, and although the bond may in every respect be appropriate and sufficient were there any legal authority for its approval, tender and acceptance. There being no such authority, the tender counts for nothing.

2. The mandate of the statute being imperative, the arresting officer must comply with it himself or by his deputy, and cannot legally detain the accused in jail until information of the arrest has been communicated to an officer of the county in which the offence is alleged to have been committed and until that officer can reach the place of detention and there receive the prisoner from the officer who made the arrest.

3. There was no error in excluding evidence offered by the plaintiff
to show that the grand jury returned no bill touching the matter
to which the warrant related; but it was error to admit evidence
that the plaintiff had been indicted for another offence and was
at the time of trial a fugitive from the State to avoid arrest.
July 30, 1894.

Action for damages. Before Judge WELLBORN. Rabun
superior court. August term, 1893.

W. S. PARIS, by J. J. KIMSEY, for plaintiff.

W. F. FINDLEY, by W. C. GLENN, for defendants.

SIMMONS, Justice.

1, 2. Lamb sued Dillard the sheriff, and McConnell
deputy-sheriff, of Rabun county, for false imprisonment.
It appears from the evidence that the plaintiff was ar-
rested by the defendants in Rabun county, under a war-
rant issued by a magistrate of Polk county charging
him with cheating and swindling, and that they placed
him in the jail of Rabun county where he was kept
until an officer of Polk county came for him and carried
him to that county seven days after the arrest; that he
offered, when arrested and subsequently while in jail, to
waive a preliminary trial and give bond if the sheriff
would carry him before some justice of the peace and
allow him to do so, but the sheriff would not allow him
to be carried before a justice, and refused to accept a
bond, with security, for his appearance at the next term
of the superior court of Polk county to answer any in-
dictment which the grand jury of that county might
find against him for cheating and swindling, which had
been approved by a magistrate of Rabun county who
came to the jail and before whom the plaintiff waived a
preliminary hearing.

Under the code (§4721), where an arresting officer of
any county in the State arrests a person charged with
crime, under a warrant issued by a judicial officer of
another county, it is " the duty of such arresting officer

to carry said accused, with the warrant under which he was arrested, to the county in which the offence is alleged to have been committed, for examination before any judicial officer of that county." It was, therefore, the duty of the sheriff of Rabun county, as soon as practicable after the arrest, to carry the accused to Polk county. There was no law requiring an officer of Polk county to go to Rabun county after the accused. The statute, it is true, is hard upon the arresting officer in requiring him to carry the accused to a distant county, without any provision being made for the payment of his expenses; but he takes his office with that burden, and must execute the law until it is changed or modified.

We think the sheriff was right in declining to accept the bond which was tendered him. There is no law authorizing the approval, tender and acceptance of such a bond in a different county from that in which the crime was committed and must be tried. There being no such authority, the tender counts for nothing. Upon this subject see: 2 Am. & Eng. Encyc. of Law, Bail, p. 5; State *v.* Collins, 19 La. Ann. Rep. 145, 146.

3. At the trial the plaintiff offered evidence to show that the grand jury of Polk county had made a return of " no bill " touching the matter to which the warrant related. The court excluded the evidence, and we think was right in so doing. The merits of the charge against the plaintiff were not open to investigation in this suit, Whether he was guilty or innocent of that charge could have no bearing upon the issue in the case on trial. Evidence that the plaintiff had been indicted for another offence and was at the time of the trial a fugitive from the State to avoid arrest, was equally irrelevant, and the court erred in admitting such evidence.

*Judgment reversed.*