## YOUNG *v.* FAIN, jailer.

Where, in a peace-warrant proceeding, one has been committed to jail in default of a bond requiring him to keep the peace, a writ of habeas corpus can not bring into review alleged irregularities or errors of procedure in the trial before the committal court, or questions as to the sufficiency of the evidence upon which the applicant in the writ was committed.

Argued January 16,—Decided January 28, 1905.

Habeas corpus. Before Judge Reid. City court of Atlanta. December 10, 1904.

*W. R. Hammond*, for plaintiff, cited 4 U. S. 412; 18 Fla. 194; 31 Minn. 110; 35 Minn. 283; 2 Edm. Sel. Cas. 28, 191; 18

How. Pr. 179; 32 Leg. Int. 12; Lack. Leg. Res. 415; 1 Cal. 9; 17 Kan. 542; 1 Park. Cr. R. 187; 4 Ib. 656; 25 Cent. Dig. 1041-5, par. 87, 88; 18 App. Div. D. C. 426: 88 N. Y. St. 343, 94 App. Div. 307; 97 N. W. 548; 68 Am. Dec. 111; 2 Clark, 172; 3 Pa. L. J. 44; 65 *Ga.* 241; 117 *Ga.* 305.

*C. D. Hill, solicitor-general,* and *Howard & Thompson,* contra.

FISH, P. J. A peace-warrant proceeding was instituted by Fannie May Young against Mrs. Julia A. Young, before J. G. Bloodworth, notary public and ex-officio justice of the peace of Fulton county, which resulted in the magistrate passing an order requiring that the defendant therein should give bond, in the sum of two hundred dollars, to keep the peace, and that in default thereof she should be committed to the common jail of the county until discharged by due process of law. Mrs. Young refused to give the required bond, and was, in compliance with the order of the magistrate, confined in the jail. For the purpose of securing her discharge, she applied to Judge Reid, of the city court of Atlanta, and obtained the issuance of the writ of habeas corpus directed to the jailer of the county. Upon the hearing of the writ the judge denied the relief prayed for, and remanded the applicant to the jail, in accordance with the order of the justice of the peace. Thereupon she sued out a writ of error and brought the case to this court. In the bill of exceptions, error is assigned upon the refusal of Judge Reid to permit the applicant to introduce in evidence before him the brief of the evidence heard by the magistrate upon the trial of the peace-warrant proceeding, certified to by him as being correct and filed by him in the office of the solicitor-general of the circuit, and upon the refusal of Judge Reid to even read this paper, or in any wise to consider it in the case. Error is also assigned upon his refusal to hear certain evidence, the purport of which was stated to him by counsel for the applicant and also set forth in the petition for the writ, which it was alleged, in the petition for the writ, the magistrate by an erroneous ruling prevented the defendant in the peace-warrant proceeding from introducing upon the hearing before him. The rulings complained of in the bill of exceptions were based upon the position taken by Judge Reid, that, in the hearing of the writ of habeas corpus, he could not go behind the judgment

of the magistrate, either for the purpose of correcting any error which he may have made in his rulings during the trial of the peace-warrant case, or for the purpose of ascertaining and determining from the evidence which the magistrate heard and reported, whether or not there was probable cause for requiring Mrs. Young to give the bond to keep the peace. If the judge was right in so holding, then it necessarily follows that the rulings complained of were not erroneous. In our opinion, the question is settled in favor of the position taken by the judge, by the Penal Code, § 1224, the first paragraph of which completely covers a case like this. That section and paragraph provide that "No person shall be discharged upon the hearing of a writ of habeas corpus in the following cases, to wit: 1. Where he is imprisoned under lawful process, issued from a court of competent jurisdiction, unless in cases where bail is allowed and proper bail is tendered." The process under which the plaintiff in error was committed to the jail of Fulton county was just such process as the law authorizes and provides for in cases of the character of the one with which the magistrate was dealing when he issued it, and hence was lawful process, if he had jurisdiction to issue such process. It is equally clear that it was issued from a court of competent jurisdiction. "A court has jurisdiction of any subject-matter, if, by the law of its organization, it has authority to take cognizance of, try, and determine cases of that description." Cooley's Con. Lim. (7th ed.) 575. Jurisdiction to issue peace warrants and to hear and determine the cases arising thereunder is expressly conferred upon justices of the peace by the statutes of this State. Penal Code, §§ 1235, 1238. The plaintiff in error was, to use the language of her petition in the present case, "temporarily sojourning in the county of Fulton and city of Atlanta," when the warrant against her was issued, and the fact that she was then in such county and duly served was sufficient, so far as the jurisdiction of the person was concerned. The jurisdiction of the magistrate then was competent. His jurisdiction in the peace-warrant proceeding, to hear the evidence submitted, and to determine therefrom whether there was probable cause for requiring that the defendant should give a bond to keep the peace or be committed to the county jail until discharged therefrom in the manner provided by law, can not be made dependent upon

the question whether there was sufficient evidence before him of such probable cause; for this would be to argue in a circle, and to make his jurisdiction to decide upon the sufficiency of the evidence for this purpose dependent upon the sufficiency of the evidence.

The cases in other jurisdictions which the counsel for the plaintiff in error cites in support of his contention, that the habeas corpus court could "review the evidence introduced before the magistrate on the peace-warrant proceedings, and determine therefrom whether there was any reasonable or probable cause for the detention of the petitioner in the habeas corpus proceeding," are not in point here. Still less applicable are the cases which he cites in support of his contention, that, "In addition to examining the evidence produced before the magistrate on the commitment trial, the court issuing the writ of habeas corpus may hear additional evidence in furtherance of the ends of justice." The prohibitory language, addressed to courts hearing writs of habeas corpus, which we have quoted from the Penal Code, § 1235, clearly shows the rule in this State to be that lawful process, issued by a court of competent jurisdiction, is a bar to any investigation of the merits of the case behind such process, whether such investigation be confined strictly to the evidence before the court issuing the process or be given a broader range and include evidence newly introduced before the habeas corpus tribunal. It necessarily follows from this statute, that, in this State, the rule announced by the Supreme Court of Connecticut, In re Byon, 59 Conn. 372, prevails. There it was held: "A writ of habeas corpus can not operate to bring in review mere irregularities or errors of procedure, or questions as to the sufficiency of evidence, in the case upon which the applicant was committed." In that case, like this, the applicant sought, by the writ of habeas corpus, to secure his release from the county jail, where he was under commitment for non-compliance with an order of a justice of the peace requiring him to give bond to keep the peace. In the opinion Loomis, J., well said: "Where one is commited to jail pursuant to a judgment valid on its face, by a court having jurisdiction, and by virtue of legal process valid on its face, the attack on the judgment under a writ of habeas corpus must necessarily be collateral, and subject to the rules restricting collateral attacks,

and if so, the validity and present force of the process are the only subjects for investigation under such a writ in such a case." A similar ruling was made in Ex parte Perdue, 58 Ark. 285, where it was held: "On certiorari to review the action of the circuit court in refusing to discharge a prisoner on habeas corpus, where it appears that the prisoner is held under a regular commitment by a magistrate in a cause wherein he had jurisdiction, the sufficiency of the evidence upon which the commitment was made will not be inquired into." Chief Justice Bunn, in delivering the opinion, cited State v. Neel, 44 Ark. 289, where it was held: "If the person restrained of his liberty is in custody under process, nothing will be inquired into, by virtue of the writ, beyond the validity of the process upon its face, and the jurisdiction of the court by which it was issued." See also, in this connection, the observations of Mr. Justice Candler, as to the function of the writ of habeas corpus, in *Stephens* v. *Henderson,* 120 *Ga.* 218, 220 ; Ex parte Granice, 51 Cal. 375 ; Turner v. Conkey, 132 Ind. 248 ; In re Eldred, 46 Wis. 531; 15 Am. & Eng. Enc. L. 172, 175, 176. It follows that the judgment of the court below must be

*Affirmed. All the Justices concur.*