## WEATHERLY v. BEAVERS et al.

Officials of a county in which one is arrested on a bench-warrant issued from another county have no authority to admit to bail the person arrested.

DECEMBER 11, 1912.

Habeas corpus. Before Judge Bell. Fulton superior court. September 3, 1912.

*Munday & Cornwell,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, and *E. A. Stephens,* contra.

HILL, J. The plaintiff in error was indicted for a misdemeanor, by the grand jury, of Bartow county. A bench-warrant for his arrest was issued by the judge of the superior court of that county, upon which he was apprehended by the police officials of Fulton county. He tendered bail, with solvent sureties, to the officials having him in custody, which they refused to accept; whereupon he brought habeas-corpus proceedings before the judge of the superior court of Fulton county, for the purpose of securing his discharge on giving bail in that county. At the hearing it was admitted by the State that the prisoner was able to give a solvent bond in Fulton county. The trial judge dismissed the proceedings, and his judgment is brought to this court for review.

The sole question for decision is whether the officials of one county have legal authority to admit to bail one who is arrested on a warrant issued in another county. The Penal Code, § 957, provides: "A bench-warrant is one issued by a judge for the arrest of one accused of a crime by a grand jury. Every officer is bound to execute it within his jurisdiction, and every person so arrested must be committed to jail until bail is tendered; any judicial officer, or the sheriff of the county where the accusation was found, may receive the bail, fix the amount of the bond, and approve the sureties, unless it be a case that is bailable only before some particular officer." Section 919 is as follows: "An arresting officer may arrest any person charged with crime, under a warrant issued by a judicial officer, in any county of the State, without regard to the residence of the arresting officer; and it is his duty to carry the accused, with the warrant under which he was arrested, to the county in which the offense is alleged to have been committed, for examination before any judicial officer of that county. The county where the alleged offense is committed shall pay the

expenses of the arresting officer in carrying the prisoner to the county; and the officer may hold or imprison the defendant long enough to enable him to get ready to carry the prisoner off." These two sections are in pari materia and must be considered together, and, if possible, so construed as to give effect to both. So construed, the words "any judicial officer," used in section 957, must be held to mean any judicial officer "of the county where the accusation was found." Such was the effect of the decision in the case of *Lamb* v. *Dillard*, 94 *Ga.* 206 (21 S. E. 463), and that decision is controlling in the present case. While the *Lamb* case did not expressly mention the statutory provisions now contained in the Penal Code, § 957, such provisions were in force at the time of that decision. Lamb sued Dillard, who was sheriff, and his deputy, for false imprisonment. He had been arrested and was held on a warrant from another county. He had offered to waive examination, and had tendered the sheriff a bond approved by a magistrate of the county in which he was arrested. On p. 208 the court said: "We think the sheriff was right in declining to accept the bond which was tendered him. There is no law authorizing the approval, tender, and acceptance of such a bond in a different county from that in which the crime was committed and must be tried. There being no such authority, the tender counts for nothing." See also 5 Cyc. 82, and authorities cited in note 7. Under the law as it exists in this State, one arrested in a county other than that from which the warrant issued is only entitled to make bail before some official of the latter county authorized to receive it.      *Judgment affirmed. All the Justices concur.*