## PAUL *v.* LONGINO, superintendent.

JENKINS, Presiding Justice. 1. "In view of the express requirement as to formal examination by inspection of a person alleged to be a lunatic, the statute . . prescribing the method of determining" the question of insanity (Code, § 49-604) "does not violate the due-process clause of the State or Federal constitution in that it fails to provide for any notice to the person alleged to be insane." *Georgia Railroad Bank &c. Co.* v. *Liberty National Bank &c. Co.,* 180 *Ga.* 4, 9, 10 (177 S. E. 803); *Owenby* v. *Stancil,* 190 *Ga.* 50 (5), 57-60 (8 S. E. 2d, 7), and cit. Accordingly, the record of the insanity commitment involved in the instant habeas corpus showed no violation of due process in that no advance personal notice of the hearing was given to such person, and such record showed no other violation of due process where, in conformity with the statute, the petition for a commitment was supported by the required affidavit of the petitioner, verified by a physician, as to the necessity for an immediate hearing; and where the "three nearest adult relatives" of the alleged insane person filed a written acknowledgment of service and consent to the immediate hearing; and where the commission, made up of two physicians and an attorney named by the ordinary to report on the sanity of such person, filed their report under oath, conformably to the statute, that, after their "examination" by personal "inspection and proofs as the law requires," they found that she was insane and should be committed to the State hospital; and the ordinary, who was present at the time and place of examination, thereupon adjudged her insane and committed her to the State hospital "until she again be restored to her right reason and sound mind."

2. A habeas-corpus proceeding by or on behalf of a person restrained of liberty determines only "the legality of the detention." The writ is not the proper remedy to bring into review alleged mere irregularities or errors of procedure, or to test the evidence under which the applicant had been committed. *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153); *Young* v. *Fain,* 121 *Ga.* 737 (49 S. E. 731). In cases involving

insanity, the Code, § 49-606, provides a remedy by appeal to the superior court from an adverse ruling by a sanity commission. Accordingly, in a habeas-corpus proceeding involving only the validity of a previous commitment for insanity, based on the return of a sanity commission to the court of ordinary, the facts stated in such record must be accepted as true as against the petitioner, and require no proof; and the court in the habeas-corpus case could not consider testimony to show that the petitioner was not insane *at the time of the commitment proceeding.* *Shiflett* v. *Dobson,* 180 *Ga.* 23 (2, 3), 26 (177 S. E. 681).

(a) Assuming that if due process was not in fact afforded by the making of an actual personal examination by the insanity commission of the alleged insane person, and that it might be shown in a subsequent habeas-corpus proceeding that there was no actual personal examination by inspection, and no evidence at all as to insanity on which the commission could have acted in making its return of insanity, and that consequently the return was not merely irregular but void, still, in the instant case, the petitioner made no such showing. The testimony for the petitioner by the sheriff, as to what occurred in the examination by the commission at the home of the alleged insane person, did not undertake to show what, if any, proof was made before the commission in the home before their coming into the room where the sheriff and such person were. His testimony did show that when the commission came into that room they personally inspected and "talked to her," although he "paid no particular attention to the conversation between them," and remembered only one thing, as stated in his testimony. Such testimony, as well as her own testimony, showed that the sheriff exhibited to her the insanity commitment before taking her from her home; and that, if sane, she was thus aware of the nature of the proceeding, so as to have availed herself of the legal remedy of appeal.

3. Although the habeas-corpus petition attacked only the constitutionality and validity of the original insanity commitment, and set forth that the alleged insane person was not then insane, without alleging any change in her mental condition since the commitment, the judge admitted testimony on both sides as to her subsequent and present condition. There was testimony as to her normality; but a finding as to her continued insanity was fully authorized by evidence from experts and others in contradiction of her testimony.

4. While there are exceptions to rulings on the introduction of testimony from one of the doctors attending the patient at the State hospital, such exceptions will be treated as abandoned, since they are neither argued nor generally insisted on in the brief for the plaintiff.

*Judgment affirmed. All the Justices concur.*

No. 14692. November 11, 1943.

*Grover C. Powell,* for plaintiff.    *T. Grady Head, attorney-general,* and *L. C. Groves, assistant attorney-general,* for defendant.