## PAULK, Sheriff, *v.* SEXTON.

BELL, Justice. 1. No person shall be discharged upon a writ of habeas
corpus "where he is imprisoned under lawful process issued from a court
of competent jurisdiction, unless in cases where bail is allowed and
proper bail is tendered," nor "in any other case where it appears that
the detention is authorized by law." Code, § 50-116 (1, 6).

2. On the trial of an application for habeas corpus for the release of one
charged with crime, the only question to be determined is the legality
of the detention. It is not the function of the writ of habeas corpus "to
determine the guilt or innocence of one accused of crime." *Stephens* v.
*Henderson,* 120 *Ga.* 218, 220 (47 S. E. 498). See also *State* v. *Asselin,*
*T. U. P. Charlton,* 184 (*Ga. Rep. Ann.* 66); *Young* v. *Fain,* 121 *Ga.* 737
(49 S. E. 731); *Weatherly* v. *Beavers,* 139 *Ga.* 122 (76 S. E. 853);
*Peebles* v. *Mangum,* 142 *Ga.* 699, 701 (83 S. E. 522); *Sanders* v. *Paschal,*
186 *Ga.* 837 (199 S. E. 153).

3. It appeared in this case that the applicant for the writ was arrested on
May 19, 1947, under two warrants, one for a misdemeanor, and one for
a felony as described in the Code, § 5-9914 (failure to pay for agricul-
tural products, cattle, hogs and other products purchased on cash sale);

that on May 20, an application for the writ of habeas corpus was presented to the judge of the superior court of the county to which the warrants were returnable; and that at a hearing on May 24, the judge passed an order releasing the applicant from custody. To this judgment the respondent sheriff excepted. Under the rulings made above, the applicant could not properly be released from custody under either of such warrants merely upon evidence relating to guilt or innocence.

4. An arresting officer has no authority to accept bond from one arrested under a warrant for a felony, as described in the Code, § 5-9914, but should return the party arrested to the county in which the crime was alleged to have been committed, for examination before a judicial officer of that county and the fixing of bail by such officer in case of commitment. Code, §§ 27-209, 27-401, 27-407, 27-418, 27-901, 27-902; *Lamb* v. *Dillard,* 94 *Ga.* 206 (21 S. E. 463); *Weatherly* v. *Beavers,* 139 *Ga.* 122 (supra); *Burrow* v. *Southern Railway Co.,* 139 *Ga.* 733 (78 S. E. 125).

(a) As to the felony warrant, it appears that the applicant did not seek a commitment trial or the fixing of bond by any judicial officer, but sought absolute release and discharge on the ground that his detention was unlawful.

(b) While sheriffs and constables are authorized in *misdemeanor* cases to accept bail in such reasonable amounts as may be fair and just, provided the sureties "tendered and offered are approved by a sheriff of any county" (Code, § 27-902), the evidence did not show that any sureties were tendered or offered even as to the misdemeanor warrant. Furthermore, the mere failure or refusal of such an officer to accept bail would not authorize release without bail, where the detention is otherwise lawful.

5. Nor was the detention of the applicant shown to be unlawful by the additional fact that he had been arrested under a previous warrant and discharged therefrom on habeas corpus, it appearing that such previous warrant was issued for an offense different from that stated in either the misdemeanor or the felony warrant under which he was last arrested. For this reason, regardless of other questions, such previous discharge did not render the detention of the applicant under either of the last-mentioned warrants unlawful.

(a) The present case is distinguished by its facts from *Perry* v. *McLendon,* 62 *Ga.* 598, *Simmons* v. *Georgia Iron & Coal Co.,* 117 *Ga.* 305 (43 S. E. 780, 61 L. R. A. 739), and *Day* v. *Smith,* 172 *Ga.* 467 (157 S. E. 639), and nothing was held in either of those cases contrary to any of the rulings made in the instant case.

6. Under the preceding rulings as applied to the pleadings and the evidence, the judge erred in releasing and discharging the applicant. In this view, it is unnecessary to pass on the assignment of error complaining of a ruling admitting in evidence a certified copy of the previous habeas corpus proceedings, since the result would be the same, with or without this evidence.

*Judgment reversed. All the Justices concur, except Head, J., who dissents, and Wyatt, J., who took no part in the consideration or decision of this case.*

HEAD, Justice, dissenting. I dissent from the rulings stated in divisions 3, 5, and 6 of the opinion, and from the judgment of reversal. The judgment discharging the applicant on a writ of habeas corpus involves the validity of two criminal warrants. The majority opinion in division 3 construes the evidence introduced before the trial judge as relating to the "guilt or innocence" of the applicant. Since the issue before the trial court was one of validity or invalidity of the warrants, it may not be assumed that, simply because the trial court heard evidence as to the facts upon which the warrants issued, the court was by such hearing concerned with the guilt or innocence of the applicant of the charges contained in the warrants. While the trial judge could have confined his inquiry to an examination of the warrants, and if prima facie valid, have remanded the applicant to the custody of the sheriff, and if prima facie invalid have discharged the applicant, the court was not bound so to limit his investigation. As was said in *Simmons* v. *Ga. Iron & Coal Co.*, 117 *Ga.* 305, "the better practice, when the person detained is before the court, is to inquire into the cause of the restraint and pass such order as the justice of the case requires." And since the Fourth Amendment to the Federal Constitution and the Bill of Rights of this State (Const., art. 1, sec. 1, par. 16) provides that "no warrant shall issue except upon probable cause," I conclude that the trial judge, having the applicant before him, could properly inquire into the facts, and, if the warrants contained charges that could not be sustained by evidence, discharge the applicant.

For example, suppose the warrant charges perfectly in the language of the statute a misdemeanor, except that no date is shown when the crime was alleged to have been committed, and the facts will show that the alleged crime is barred by the statute of limitations, or that the accused has been convicted therefor and served his term, or has received a full and complete pardon, or the warrant charges a crime that is not so barred, and there has been no conviction, but the facts will show that the John Smith arrested and held under the warrant is not the John Smith for whose arrest the warrant is issued, and could not possibly be. Would the strong arm of the law be impotent because some John Smith had been charged with a crime? Is the trial court precluded from hearing the facts resulting in the mistaken arrest simply because the process or warrant under which John Smith is held is prima facie valid? Will John Smith be held simply because to inquire into the cause on which the warrant issued will establish the fact that the John Smith held is not guilty of the crime charged?

Since "the State is interested in seeing that no citizen is illegally deprived of his liberty, and the law is designed to encourage and make easy and expeditious inquiry into the cause of an imprisonment, whenever its legality is brought in question" (*Simmons* v. *Ga. Iron & Coal Co.*, supra), I am forced to the conclusion that a court having jurisdiction of the habeas corpus proceeding is not precluded from hearing evidence as to the facts on which such warrant was issued, simply because such evidence might develop facts showing that the person detained is not guilty of the crime charged.

The statement of facts accompanying the majority opinion shows that over a considerable period of time H. T. Troup Jr. sold to the defendant in error, W. R. Sexton, certain cattle and livestock, there being a number of sales and transactions between the parties, and that many of these transactions were not concluded on a cash basis. It further appears from the statement of facts that, prior to the habeas corpus hearing before the Ordinary of Harris County, all matters were taken into account, and all remaining sums due by Sexton to Troup, after certain payments, were secured by a mortgage on certain real estate of Sexton, for an unpaid balance of $1703. There were no other or further transactions between the parties after the execution of the mortgage referred to, securing a balance of indebtedness of $1703. This was the amount due by the defendant in error to Troup at the time of the hearing on the rearrest of Sexton on the warrant, testified to by Troup. Every outstanding item had been taken into account and was covered in the mortgage.

There is no brief of evidence in this record as to the habeas corpus hearing before the Ordinary of Harris County, but Sexton was before the ordinary on a habeas corpus proceeding, charged with a crime. What crime, and what investigation did the Ordinary of Harris County make into the basis for the charge in the habeas corpus hearing?

This court, in *Perry* v. *McLendon, 62 Ga.* 604, with reference to a habeas corpus proceeding, stated: "The effect of a judgment cannot be avoided by a difference in the pleadings, when those in the first case could and should have been as full as those in the second, though in fact they were not. *No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment. It is the body of a case and not certain of its limbs only, that the final judgment takes hold upon.*" (Italics supplied.) At the time of the habeas corpus proceeding in Harris County, the only outstanding unpaid obligation from Sexton to Troup was represented by a mortgage on real estate, and the fact that Troup elected to rest his case before the Ordinary of Harris County on some amount included in the mortgage of $1703, rather than all transactions between the parties, would not preclude the judgment in Harris County from becoming res judicata as to the right of Troup to have Sexton imprisoned for the alleged debt or debts, crime or crimes.

In the same case of *Perry* v. *McLendon,* it was held (page 598): "and where the legality of the same cause of imprisonment is twice drawn in question between the same parties by successive writs of habeas corpus before the same court, or before different courts of competent original jurisdiction, the judgment on the former writ may be answered in bar of a discharge under the latter. *The matter will be deemed res adjudicata as to all points which were necessarily involved in the general question of the legality or illegality of the arrest and detention, whether all of them were actually presented or not. It is sufficient if they might have been and ought to have been presented in the exercise of due diligence.*" (Italics supplied).

The language in *Perry* v. *McLendon,* supra, was restated and approved in *Day* v. *Smith,* 172 *Ga.* 474 (157 S. E. 639), and this court further stated: "The principle of the conclusiveness of judgments in habeas corpus cases has been recognized and enforced in both classes of cases. An order or judgment discharging a person in habeas corpus proceedings is conclusive in his favor that he is illegally held in custody, *and is res judicata of all issues of law and fact necessarily involved in that result."* (Italics supplied).

The facts before the Ordinary of Harris County necessarily involved the indebtedness from Sexton to Troup, represented at that time by a mortgage for $1703, and Troup could not thereafter select some part, or some item involved in the mortgage of $1703, and proceed against Sexton criminally for such amount. When the facts were developed before the judge of the superior court in this case, that the indebtedness was outstanding at the time of the hearing before the Ordinary of Harris County, and that no further or other transactions had been had between the parties since that time, the issue as to the right of Troup to criminally prosecute Sexton was res judicata, there having been no appeal from the judgment of the Ordinary of Harris County releasing Sexton.

The trial judge presiding in this case is to be commended for the full and thorough hearing accorded the defendant in error. For reasons previously stated, such hearing was not demanded as a matter of law. I do not construe the law to prohibit the hearing of evidence, and this court has said that a full investigation and hearing is the better practice. In this case the investigation was evidently conducted in an honest search after the truth; and I am convinced that the judgment rendered, discharging the defendant in error, will not be found lacking if weighed by the scales of justice.

No. 15935. NOVEMBER 14, 1947.

*E. C. Collins* and *McDonald & McDonald,* for plaintiff in error.

*F. W. New* and *John T. Ferguson,* for defendant.